# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR368 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ARIEL SANCHEZ-GARCIA, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 131) filed by the Defendant, Ariel Sanchez-Garcia. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Sanchez-Garcia pleaded guilty to Counts I and III of the Superseding Indictment charging him with possession with intent to distribute a mixture containing methamphetamine (Count I) and illegal reentry (Count III). His plea agreement included the following appeal waiver:

> 15. The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction and sentence in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

(Filing No. 120, ¶ 15.)

The Court sentenced Sanchez-Garcia to 210 months on each count, with the terms to be served concurrently. Sanchez-Garcia's timely § 2255 motion followed.

**DISCUSSION**

Sanchez-Garcia argues that his attorney was ineffective for failing to file a notice of appeal as directed by Sanchez-Garcia after the sentencing hearing. In order to establish ineffective assistance of counsel, Sanchez-Garcia must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Because Sanchez-Garcia had no right to appeal, he cannot prove the prejudice prong of the *Strickland* test. Therefore, the Court is not required to address the first prong of the test. Sanchez-Garcia cannot prove both prongs of the *Strickland* test, and the record clearly shows he is not entitled to relief. Therefore, his § 2255 motion is summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 131);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 13th day of October, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge